UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

VARION HARRIS,

    Plaintiff,

vs.

FEDEX GROUND PACKAGE SYSTEM, INC.,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL WITH INJUNCTIVE AND DECLARATORY RELIEF REQUESTED

Plaintiff, VARION HARRIS ("Mr. Harris" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, FEDEX GROUND PACKAGE SYSTEM, INC., ("Defendant" or "FEDEX"), and states as follows:

1. Plaintiff brings this action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and his attorneys' fees and costs.

## PARTIES

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Pompano Beach, Broward County, Florida.

4. Defendant is located and conducts business in Pompano Beach, Broward County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

 a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

 b. Plaintiff was discriminated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claim pursuant to 28 U.S.C. § 1331 as it arises under 42 U.S.C. § 12101, *et seq.*

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same set of operative facts and circumstances as his ADA claim.

9. Plaintiff worked for Defendant in Broward County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

## CONDITIONS PRECEDENT

10. On or about April 22, 2021, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida Commission on Human Relations ("FCHR"), alleging disability discrimination.

11. The EEOC issued a Reasonable Cause finding in favor of Plaintiff and on February 2, 2023, the EEOC sent Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his disability discrimination claim within ninety (90) days of his receipt of same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. Harris worked for FEDEX in Pompano Beach, Broward County, Florida, as a Package Handler from March 7, 2016, until his termination on July 2, 2020.

16. On August 10, 2018, Mr. Harris suffered an on-the-job injury, when several heavy packages struck him during the course of his work duties.

17. Mr. Harris' subsequent injuries to his neck, shoulders, and head resulted in extreme pain, headaches, and dizziness, among other symptoms.

18. After he received medical attention through worker's compensation, Plaintiff's physician prescribed the reasonable limitations of bending, lifting, pushing, and pulling, therefore substantially affecting multiple major life activities, and qualifying his injuries as "protected disabilities" under the ADA/FCRA.

19. Mr. Harris received medical attention, he returned to work and submitted his doctor's notes/restrictions to Sort Manager, Brandon Gagnon ("Mr. Gagnon").

20. In response, Mr. Gagnon shockingly stated that Plaintiff could not return to work until "all functional limitations and restrictions" were removed.

21. Anxious at the prospect of losing his only source of income, Mr. Harris objected to Mr. Gagnon and expressed his willingness to work for FEDEX, in whatever capacity it could offer.

22. Plaintiff's objections and requests for accommodations are considered "protected activity" under the ADA/FCRA.

23. Mr. Gagnon refused this request, failed to engage in the interactive process as required by the ADA/FCRA, and denied Mr. Harris the ability to work for FEDEX in any capacity or position.

24. Following this conversation, Mr. Harris sent multiple e-mails to Facility Safety Officer, John Cooper ("Mr. Cooper"), attempting to coordinate his return to work, but was not successful.

25. Instead, Mr. Cooper reiterated that Mr. Harris needed to be free of any reasonable accommodations/restrictions in order to return to work at FEDEX – a patently unlawful requirement under the ADA/FCRA.

26. As such, for over two (2) years, Mr. Harris underwent treatment for his disabilities and was denied the ability to work at FEDEX in any capacity.

27. On June 2, 2020, Sedgwick Claims Examiner, Scott Gafford ("Mr. Gafford"), sent an e-mail to Mr. Harris informing him that he had been released to return to work full duty and to contact FEDEX to request a time and date for his return to work.

28. Immediately, Mr. Harris contacted Mr. Cooper and later, Facility Safety Officer, Alfredo Briceno ("Mr. Briceno"), and informed both them that he was not cleared of all

restrictions, but that he was, as always, ready and willing to work in whatever capacity he could, so long as his reasonable restrictions were adhered to.

29. No one from FEDEX responded to Mr. Harris' requests, again leaving him uncertain as to his employment status at FEDEX.

30. Shortly thereafter, around July 2, 2020, Mr. Harris received a letter in the mail from his insurance provider informing him that his medical insurance had lapsed due to his termination from FEDEX.

31. In keeping with its discriminatory procedures, FEDEX did not even give Mr. Harris the courtesy of informing him directly that he was unlawfully terminated from his employment.

32. Soon after receiving the letter, Mr. Harris called Mr. Briceno, who confirmed Mr. Harris' termination due to his need for reasonable accommodations, in violation of the ADA/FCRA.

33. It is clear that FEDEX discriminated against Mr. Harris due to his disability and need for reasonable accommodations.

34. Defendant did not have a legitimate, non-discriminatory reason for its actions.

35. FEDEX terminated Mr. Harris's employment owing to his disability and requests for accommodation, and/or its perception of Mr. Harris as disabled.

36. The timing of Plaintiff's disclosure of his disability and FEDEX's mistreatment of Plaintiff and termination of Plaintiff's employment creates a close temporal proximity between the events.

37. Mr. Harris's health condition is considered a protected disability under the ADA.

38. Plaintiff was qualified to perform the essential functions of the position, but FEDEX believed that due to his disability, and/or its perception of Plaintiff's disability, Plaintiff could not

continue employment with Defendant.

39. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

40. Defendant failed to accommodate Plaintiff's disability and related symptoms, despite being able to without undue burden.

41. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

42. Defendant lacked a good faith basis for its actions.

43. FEDEX was aware of Mr. Harris's ADA- and FCRA-protected medical condition and his need for accommodation.

44. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring reasonable accommodation for same.

45. Mr. Harris is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Package Handler position.

46. Reasonable accommodation would have permitted Mr. Harris to perform his job duties, and would have imposed no undue hardship on Defendant.

47. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

48. Defendant's reason for terminating Plaintiff's employment is direct evidence of its

intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

49. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

50. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with reasonable accommodation.

51. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

52. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's potential employment as envisioned by the ADA.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Defendant does not have a non-discriminatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

56. Any reason provided by Defendant for its termination of Plaintiff is a pretext and cover-up for illegal discrimination.

57. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA and the FCRA.

58. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was terminated, because of his disability and/or "perceived disability."

59. As a result of Defendant's unlawful and discriminatory termination of his employment, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

60. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

61. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

62. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 61 of the Complaint, above, as if fully set forth in this Count.

63. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

64. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

65. Defendant unlawfully terminated Plaintiff's employment based on his medical condition and disability, and/or perceived disability.

66. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

69. Plaintiff realleges and adopts the allegations contained in paragraphs 1 through 61 of the Complaint, above, as if fully set forth in this Count.

70. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

71. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

72. Defendant unlawfully terminated Plaintiff's employment based on his medical condition and disability, and/or perceived disability.

73. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

74. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA BASED ON DISABILITY

58. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 61, above.

59. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt she was being discriminated against based on his disability, and his request for reasonable accommodation.

60. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the ADA.

61. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

62. Plaintiff's protected activity, and his termination, are causally related.

63. Defendant's stated reasons for Plaintiff's termination are a pretext.

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

67. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 61, above.

69. Plaintiff was terminated within close temporal proximity of his objections to Defendant that he felt he was being discriminated against based on his disability, and his request for reasonable accommodation.

70. Plaintiff's objections, and request for reasonable accommodation, constituted protected activity under the FCRA.

71. Plaintiff was terminated as a direct result of his objections to what he reasonably believed to be disability discrimination, and his request for reasonable accommodation.

72. Plaintiff's protected activity, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

75. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

76. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 1st day of March, 2023.

Respectfully Submitted,

By: **/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Rd. 84 Suite 103
Davie, FL 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*